By the Court—Pierrepont, J.
If the defendant' has any defense at all in this case, it rests entirely upon the verbal contract attempted to be proven by Jones, who states:
“Plaintiff said, if you will leave those buildings there at the expiration of your lease, I will give you the six months’ rent *362 from the 1st day of November to 1st May, in consideration of your leaving them there; those are all the words.”
The witness says, this was the rent from November 1, 1856, to February 1st, 1857, and that the agreement was made in October, 1856; and that he is as sure that it was made in October, 1856, as of anything he has testified to.
As there is no evidence of any agreement about the matter of the temporary buildings except the testimony of this witness; if any such agreement was made at all, it was the one above stated, and was made in October, 1856; consequently it was an agreement made before any part of this rent fell due, (although payable in advance.) There was no delivery of anything, no bill of sale, no release of rent to become due in future, no writing an'd no payment. And “ the expiration of your lease,” about which the witness speaks, does not happen by its terms until August 1st, 1861, and there is no intimation in the evidence that any delivery of these buildings was contemplated until the expiration of the lease. There is no suggestion in the evidence that the defendant had a thought of removing the buildings until the end of the term, or that any such consideration moved either party to the alleged agreement. If any contract was made of the nature stated by the witness, it is very singular that there was no written memorandum of it, and serves to show.how salutary is the statute of frauds, which was not only framed to prevent frauds and perjuries, but also to guard against, the mistakes, misunderstandings, forgetfulness and misapprehensions of honest men.
The agreement which this witness relates was not one to be performed within one year, and is void by the statute of frauds.
If, moreover, it is claimed that the buildings were personal property, then both they and the rent amounted to more than $50, and as the rent was not due, and as there has been no payment or .delivery, and no writing, the alleged' contract is void under the 3d section of the statute of frauds. (Shindler v. Houston, 1 Comst., 261.)
The rent accrued under the covenants of a lease under seal; since due, there has been no release or agreement to release, and no payment, nor has there been any accord and satisfaction. All that is shown for the purpose of defeating the covenants of this sealed instrument’ is a verbal promise made by the plaintiff -in *363 October, 1856, that if the defendant would, at the expiration of the lease in August, 1861, leave the buildings on the premises, he might have the rent accruing in November, 1856, and February, 1857, as a consideration for so doing. Such verbal agreement is not sufficient to prevent the plaintiff’s recovery in this action. (Delacroix v. Bulkley, 13 Wend., 71.)
New trial, with costs to abide the event.